UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANDRA RICHARDSON                                                                                      PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:20-CV-451-DPJ-RHWR

KILOLO KIJAKAZI, ACTING                                                                          DEFENDANT
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

ORDER

This social-security appeal is before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker. R&R [18]. Judge Walker recommends that the Court deny Plaintiff Sandra Richardson's Motion for Summary Judgment [11] and affirm the denial of her application for disability benefits. Richardson filed Objections [20] to the R&R, to which Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, responded [21]. As explained below, the Court adopts the R&R in its entirety.

The sole issue is whether the Administrative Law Judge's conclusion that Richardson has the residual functional capacity (RFC) to "perform simple, routine, repetitive tasks, but not at a production rate pace" is supported by substantial evidence. R. Vol. I [9] at 20; *see* Objs. [20] at 2 (objecting to R&R's conclusion "that substantial evidence supports the ALJ's ultimate RFC finding regarding Plaintiff's ability to perform routine, repetitive tasks"); *McCray v. Kijakazi*, No. 21-60401, 2022 WL 301544, at *1 (5th Cir. Feb. 1, 2022) (explaining that court's review of the ALJ's decision is limited to "whether the decision is supported by substantial evidence and whether the correct legal standards were applied").

> "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." [*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied* 514 U.S. 1120 (1995).]  It is "more than a mere scintilla and less than a preponderance". [*Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.

> 1993).] Any findings of fact by the Secretary which are supported by substantial evidence are conclusive. In our review, we do not reweigh the evidence nor do we substitute our judgment for that of the Secretary.

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (footnotes omitted); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1998) (explaining that a court may not "substitute [its] judgment for the Secretary's even if the evidence preponderates against the Secretary's decision").

Richardson says the ALJ's conclusion ignored an opinion of a mental-health consultative examiner who concluded that her "ability to perform routine or repetitive tasks, in relation to employment, appears to be poor." R. Vol. II [10] at 349. Dr. Nicholas J. Schmidt examined Richardson in November 2018; the summary portion of his report states in full:

> The Patient presents as a 47-year-old, married three times and divorced twice mother of one deceased child and two adult children, with estimated borderline intellectual functioning ability, who appeared of obese weight, about her stated age, and was dressed and groomed appropriately. She was driven to the appointment by her husband and lives with her husband and his three adult sons. Valid identification was presented and the Patient appeared to be a mostly reliable source. The Patient's ability to perform routine or repetitive tasks, in relation to employment, appears to be poor. She isolates socially, reports having no friends outside of family, and stated that she experiences periods of sadness marked with crying spells, anhedonia, avolition, hypersomnolence, low self-esteem and irritability. She denied any past inpatient psychiatric hospitalizations and denied any past or current suicidal/homicidal ideation, plans, or intent. The Patient appears to be capable of handling her own funds at this time and stated that she is capable of maintaining hygiene and cooking for herself. The Patient also reported a history of multiple trauma events since childhood, stating that she was taken out of her father's custody following a history of abuse and neglect. She identified symptoms following this abuse including intrusive memories, hypervigilance, psychological distress to cues, nightmares and flashbacks. The Patient has a ninth grade education with limited work history; she has no current independent source of income. Her abstraction appeared to be impaired and she would likely struggle to reliably and consistently follow complex directions from supervisors. Overall, the Patient's mental health prognosis is guarded.

*Id.* On the attached worksheet, Dr. Schmidt gave Richardson a rating of "poor" with respect to her ability to relate to co-workers; deal with the public; deal with work stress; understand,

remember, and carry out *complex* or *detailed* job instructions; behave in an emotionally stable manner; and relate predictably in social situations. *Id.* at 351–53. He rated her ability to understand, remember, and carry out *simple* job instructions "fair." *Id.* at 353. And he noted that "episodic depressive episodes may decrease ability to reliably perform job duties." *Id.*

In determining Richardson's RFC, the ALJ considered Dr. Schmidt's report as well as records from medical sources that treated Richardson for depression and anxiety:

> [T]reatment records dated April 19, 2016, show that [Richardson's] depression and anxiety were good if she was compliant with medication. Her psychiatric findings were considered to be normal. Records from January 2017 also show that her depression and anxiety were doing good.
>
> The claimant underwent an intake assessment at Weems Community Mental Health Center in February 2017. Notably, she was referred by her lawyer rather than a regular doctor. Her mental status exam was within normal limits except for a depressed mood. At a follow up in April 2017, her attitude and affect were considered appropriate. At a follow up on May 29, 2017, the claimant reported that she was doing pretty good. She reported continued anxiety but stated that her depression had improved. Notably her mood and attitude were appropriate, but her affect was restricted. Her concentration was considered poor, but grossly intact. Her memory also appeared normal. At a follow up on July 19, 2017, the claimant reported that her mood was better. Her mental status exam revealed an appropriate mood/attitude and euthymic affect. Her concentration and memory were normal. The claimant was apparently discharged from mental health treatment in May 2018 after not having contact within the specified time.
>
> . . . .
>
> Dr. Schmidt opined that the claimant had fair to poor functioning in the area of making occupational adjustments, with poor function in relating to co-workers, dealing with the public, and dealing with work stresses. He opined that the claimant had poor ability to understand, remember, and carry out complex/detailed job instructions, *but fair ability with regard to simple job instructions*. He opined that episodic depressive episodes may decrease the ability to reliably perform job duties. This opinion is given significant weight to the extent that it is consistent with the above residual functional capacity because it is well supported by Dr. Schmidt's consultative exam findings and is not inconsistent with the claimant's regular mental health treatment records.

R. Vol. I [9] at 23–24 (citations omitted) (emphasis added). The ALJ concluded that "[c]onsidering the claimant's reported PTSD/anxiety/depression as well as her consultative exam

findings and resulting opinion, . . . the claimant would be limited to simple work with simple work-related decisions and occasional interaction with others," and "would be off task 5% of the workday." *Id.* at 24.  And he noted that Richardson's "concentration/attention was generally considered intact and therefore the record does not support any additional limitation in this regard." *Id.*

While the ALJ's decision never specifically referenced Dr. Schmidt's conclusion that Richardson's "ability to perform routine or repetitive tasks, in relation to employment, appears to be poor," it is clear that the ALJ considered the record as a whole in arriving at his RFC.  R. Vol. II [10] at 349; *see* 20 C.F.R. § 404.1545 ("We will assess your residual functional capacity based on all the relevant evidence in your case record.").  Based on that record—including largely normal findings by treating sources with respect to Richardson's concentration and memory and an opinion from Dr. Schmidt that her ability to understand, remember, and carry out simple job instructions was "fair"—the ALJ concluded that Richardson "can perform simple, routine, repetitive tasks, but not at a production rate pace" with the additional limitation that "she would be off task five percent of the time in an eight-hour workday."  R. Vol. I [9] at 20–21.

The Court agrees that, based on the evidence Judge Walker cited, the holding was supported by substantial evidence.  *See Hernandez v. Astrue*, 278 F. App'x 333, 338 (5th Cir. 2008) ("[T]he Commissioner properly considered the physician opinions of record, incorporated the limitations he found consistent with the weight of the evidence as a whole, and made a residual functional capacity finding that is supported by substantial evidence.").[1]  As such, the

---

[1] Also, in an April 22, 2016 Function Report Richardson completed shortly after she applied for disability benefits, she denied that her "illnesses, injuries, or conditions" affected her memory, ability to complete tasks, concentration, understanding, ability to follow instructions, or ability to get along with others.  R. Vol. I [9] at 254.

Commissioner's denial of Richardson's application for disability benefits must be affirmed. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) ("If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed.").

The Court adopts the R&R [18] as its opinion. Richardson's Motion for Summary Judgment [11] is denied; the Commissioner's decision is affirmed; and Richardson's appeal is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2022.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE